[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THE AMENDED FOURTH COUNTOF THE COMPLAINT BY JEWETT CITY SAVINGS BANK
The plaintiff brings this action, through an amended fourth count of the complaint, against Jewett City Savings Bank, the holder of the first mortgage, a construction mortgage, on property which Golab Builders were constructing on Golab's property under a Bond for Deed with the plaintiffs.
The count alleges that the plaintiff desired to and was prepared to obtain the construction mortgage from the buyer's own lending institution, for the purchase of the land and construction of the dwelling. The builder, Golab, declined that offer, informing the plaintiff that he, Golab, wished to obtain the construction funds from what appears to be Golab's own bank, Jewett City Savings Bank. Jewett City Savings Bank specifically requested of the plaintiff proof that upon completion the plaintiff would obtain his own financing to pay for the as-built home at the completion of construction. The plaintiff satisfied this condition, furnishing Jewett city Savings Bank with this required proof.
In essence, the plaintiff claims that this was not a construction loan to a contractor for the erection of a house CT Page 1961 to be built on speculation. Rather, it was a loan for the purpose of providing funds for the construction of a house for a specific purchaser who was specifically known to the bank and whose participation for the financing was specifically required by the bank to insure that the bank was taken out of the loan, so to speak, upon completion of the construction.
The plaintiff claims that he is a third party beneficiary as concerns this construction loan, and as such was owed the duty of good faith and fair dealing. It is here unnecessary to reiterate the proposition of law which has been directly stated by our Supreme Court, to wit that affixed to every contract is the obligation of good faith and fair dealing, as a matter of law.
The plaintiff contends that this defendant had a duty to him, as a beneficiary of the contract, to see that the funds which were advanced to Golab Builders were actually used to build this house, and this means that the funds were to be used to pay the sub-contractors for the work and materials which were devoted to the construction of the house. the plaintiff claims that Golab did not use the borrowed funds for that purpose. Consequently mechanics liens were filed against the property. Therefor, the plaintiff was required to pay the sub-contractors himself, in order to satisfy the sub-contractors claims for services and for supplies and other materials required to complete the house.
The plaintiff alleges that he informed the bank of the misapplication of the construction funds by Golab Builders, but the bank continued to ignore this and continued to advance the funds to Golab Builders without any restrictions upon, or assurances from Golab Builders. To the contrary, he claims that the bank assured the plaintiff that Golab Builders was a good contractor and would live up to the terms of the agreement. The bank lent the full amount to Golab Builders, which is of course secured by its first mortgage on the property. The plaintiff had to expend substantial additional funds of his own just to get the house completed, which he proffers he had to do to protect his initial investment in the home being built for him.
The plaintiff brings this action against the bank to recover those funds. Succinctly, the bank had nothing to loose in this situation, for so long as the house was being CT Page 1962 constructed by the sub-contractors (assuming installment payment being made in accordance with a release of funds schedule), mechanics liens by the sub-contractors would be subordinate to the construction mortgage. Hence, the bank did not have the urgent incentive to obtain mechanics lien waivers from the sub-contractors, which may be a commercially feasible means of avoiding this type of jeopardy for the person who has everything to loose, to wit the contracting prospective homeowner.
The case of Connecticut Bank Trust Co., 219 Conn. 772
(1991) deals in part with this subject. The case stands for the proposition that in general the lending bank "has no obligation to see that the moneys it advances are employed by the borrower in the manner contemplated by the subordinated purchase money mortgager."
The plaintiff herein does not claim that he is a "subordinated purchase money mortgager." He claims that by virtue of his participation, as required by the bank, and in particular his commitment to the bank that he would literally refund to the bank the funds which it had advanced, coupled with the fact that the bank knew directly and specifically that this transaction was for the sole purpose of his acquisition of this property, he was a party to this contract, at least to the extent of being a known and specific third party beneficiary. Hence, he claims that he was owed the duty of good faith and fair dealing by the bank.
Whether the plaintiff can prevail at this trial will depend upon the facts produced at trial. On the basis of the allegations of the complaint, this court does not conclude that the plaintiff has failed to set forth facts which may support a cause of action.
The motion to strike is denied.
L. Paul Sullivan, J. CT Page 1963